# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| TEQUILA J. GUNN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1114 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Honorable Joe B. McDade |
| | ) | |
| Respondent. | ) | |

## O R D E R   &   O P I N I O N

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (Doc. 1) filed by Tequila J. Gunn. Ms. Gunn filed a memorandum of law in support of her motion and the Government has responded. Ms. Gunn has failed to file a reply brief in the time allotted by the Court. The Court sees no reason for further delay and rules on the motion forthwith. For the reasons stated below, the motion is denied.

### LEGAL STANDARDS

Section 2255 of Title 28 of the United States Code provides that a sentence may be vacated, set aside, or corrected when such sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. "Relief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full

process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Section 2255 relief is limited to correcting errors of constitutional or jurisdictional magnitude or errors constituting fundamental defects that result in complete miscarriages of justice. *E.g.*, *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994), overruled on other grounds by *United States v. Ceballos*, 26 F.3d 717 (7th Cir. 1994). "A § 2255 motion is not a substitute for a direct appeal." *Coleman v. United States*, 318 F.3d 754, 760 (7th Cir. 2003) (citing *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995)).

## BACKGROUND

On January 9, 2017, Ms. Gunn entered into a plea agreement with the Government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (C), agreeing that this Court should sentence her to thirty-six months imprisonment for one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841 and to a consecutive sentence of sixty months imprisonment for one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). Thus, her total term of imprisonment contemplated by the plea agreement was ninety-six months (eight years). (Plea Agreement and Judgment, *United States v. Gunn*, No. 16-cr-10024 (C.D. Ill. 2017), Docs. 21 and 27). She was sentenced in accordance with the plea agreement on April 19, 2017. (Judgment, *United States v. Gunn*, No. 16-cr-10024 (C.D. Ill. 2017), Doc. 27).

Relevant portions of Ms. Gunn's plea agreement follow:

The parties agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(l)(C), the Court shall sentence the defendant to 36 months' (3 years') imprisonment on count one and to a consecutive sentence of 60 months' (5 years') imprisonment on count two for a total term of imprisonment of 96 months (8 years).

2

***

The defendant is pleading guilty to count one in violation of 21 U.S.C. §§ 841(a)(l) and 841(b)(l)(C) and count two of the indictment in violation of 18 U.S.C. § 924(c).

***

The defendant will plead guilty to count one and count two of the indictment because the defendant is in fact guilty of those charges. In pleading guilty to count one and count two, the defendant stipulates to and admits to the allegations set forth in count one and count two and to the following facts:

On March 11, 2016, detectives of the Bloomington Police Department obtained a state search warrant for GUNN's residence at 409 E. Market Street, Bloomington, Illinois. The search warrant was based two controlled purchases of crack cocaine (0.9 g and 1.8 g) from GUNN that had previously taken place in GUNN's bedroom. During execution of the warrant, agents seized a total of approximately 52 grams of crack cocaine and 15 grams of powder cocaine. Of the total amount seized, agents located a clear plastic bag containing 48.6 grams of crack inside a shoe next to the dresser in GUNN's bedroom. Fifteen (15) individually wrapped baggies containing 3.7 g of crack cocaine were located in a nightstand in the same room. One clear plastic bag containing 14.2 grams of powder cocaine was located inside a shoe next to the dresser in GUNN's bedroom as well as a separate clear plastic bag of powder cocaine weighing 0.5 g which was found inside a sandal in the same room.

A stolen Smith and Wesson .38 Special revolver was also located in GUNN's bedroom, inside of a hard shell gun case. The case was unlocked and situated next to the dresser within feet of the [sic] controlled substances. A box of Remington .38 Special ammunition with 41 live cartridges was found inside the hard shell case as well. The revolver was loaded and readily accessible.

The defendant stipulates and agrees that she possessed powder cocaine and crack cocaine, that she knew that she possessed powder and crack cocaine, and that she intended to distribute the powder cocaine and crack cocaine to at least one other person. The defendant further stipulates that she knowingly possessed a Smith & Wesson .38 Special revolver handgun and that the gun was possessed to further the possession and distribution of his narcotics by being available to protect her and the place where her drugs and money were kept from robbery.

***

The defendant understands that by pleading guilty she surrenders the following rights, among others:

> a. The right to plead not guilty or persist in the plea of not guilty if already made. If the defendant persisted in a plea of not guilty to the charges the defendant would have the right to a public and speedy trial.
>
> b. The right to a trial by jury. The defendant has an absolute right to a jury trial.
>
> ***
>
> The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraph. <u>The defendant's attorney has explained to the defendant those rights and the consequences of the waiver of those rights</u>.

(Doc. 21 *et passim* (emphasis added)).

Ms. Gunn signed the plea agreement, as did her counsel, who by signing, also swore that he discussed the plea agreement fully with Ms. Gunn and was satisfied that she fully understood its contents and terms. (Doc. 21 at 14). At the change of plea hearing, the Court asked Ms. Gunn questions to ensure that she understood her rights, including the right to go to trial, and understood the charges to which she was pleading guilty, the statutory penalties and the guidelines range. (*See* Transcript of Proceedings, Doc. 5-1 *et passim*). The Court also inquired from Ms. Gunn whether she entered into the plea agreement with knowledge and on her own volition. Ms. Gunn's answers to the Court's questions left no one in doubt that she knew she had a right to a trial and that she was knowingly relinquishing that right. (*See id.*).

## DISCUSSION

The Court has examined Ms. Gunn's motion (Doc. 1) and memorandum in support thereof (Doc. 3). In her motion, Ms. Gunn lists ineffective assistance of counsel as the ground for her claim and then she lists three so-called facts as the basis for her claim. (Doc. 1 at 4). First, she states her sentencing counsel gave her bad and

fabricated advice as to why not to go to trial. Second, she claims counsel was ineffective for not requesting a two point minor role reduction in her guidelines range calculation or the safety valve. Third, she states her counsel was ineffective for not presenting the Supreme Court case of *Dean v. United States*, 137 S. Ct. 1170 (U.S. Apr. 3, 2017), in support of the Court giving her a lesser sentence for her drug trafficking crime.

I. **Ineffective Assistance For Failure To Explain Plea Agreement And For Failure To Effectuate Petitioner's Wish To Go To Trial.**

In her memorandum of law, Ms. Gunn expounds on the factual basis for her claims. She states her request for trial "was never presented to the Court by Attorney Carter." (Doc. 3 at 4). She continues:

> Attorney Carter kept stating "It is bigger and higher than the US Attorney, and you can't, it is not allowed." He stated the same when Petitioner requested the he ask for the Safety Valve consideration and again when she ask for the Minor Role. "This is higher than the US Attorney and I can't ask for any of that."

(Doc. 3 at 4). Ms. Gunn attached a declaration to her memorandum in which she avers that she

> wanted [sentencing counsel] to negotiate the Plea Agreement, and object to several things, including the fact that I am a FOID card carrier for fifteen years, the gun was under my bed, not as they said in the indictment. It was there for my protection. My house had been broken into for the first time ever and they stole my jewelry, collectables, and some money. That[sic] is why I had it under my bed. Peter Morris, who I had known for some 25 years, also the informant in this case, was who had given me the gun. He is the only one I ever sold the drugs to so why would I ever need his weapon against him? Mr. Carter's response was always that was that "he could not" because, "It is over the Government's head'. He stated that "He was not allowed," to present it.
> ***
> The only thing consistent was his persistence that I accept the eight year plea. He <u>refused to</u> negotiate my plea when I asked or <u>explain any of the</u>

<blockquote>
agreement so that I could understand it. When I asked about taking my case to trial, he said that "They would not allow that." Now I know it was all bad advice in an effort to keep from doing the job or maybe to make the quick easy money.
</blockquote>

(Doc. 3 at 8-9 (emphasis added)) .

Ordinarily, a 2255 movant's allegation that her counsel failed to explain the plea agreement to her and asserted to her that she could not take her case to trial would be sufficient to at least secure an evidentiary hearing. *See Koons v. United States*, 639 F.3d 348, 354-55 (7th Cir. 2011). However, here the plea colloquy makes clear that Ms. Gunn testified under perjury that 1) her counsel did in fact discuss the plea agreement with her and that she understood it; and 2) her counsel advised her she had a right to a trial by jury. (Doc. 5-1 at 5). For example, at the change of plea hearing, the following discussion occurred between Ms. Gunn and the Court:

> Court: It appears that you're charged in Count I of the indictment with possession of a controlled substance, namely, cocaine base or crack cocaine with the intent to distribute. And you're charged in Count II with possession of a firearm in furtherance of a drug-trafficking crime. That's your understanding of the two counts against you, ma'am?
> Gunn. Yes, sir.
> Q. And you discussed these charges with your attorney?
> A. Yes, sir.
> Q. And you understand them?
> A. Yes, sir.
> Q. And in connection with -- you understand that you have a right to a trial by jury in connection with these charges?
> A. Yes, sir.
> Q. And you have decided to plead guilty; is that correct?
> A. Yes, sir.
> ***
> Q. I have what purports to be your plea agreement, Miss Gunn, and on the last page of that agreement, page 15, under today's date it purports to be your signature. Did you sign this plea agreement today, ma'am?
> A. Yes, sir.
> Q. And before you signed it, did you read through the agreement?
> A. Yes, sir.

Q. And did you discuss the agreement with your attorney to make sure you understood it?
A. Yes, sir.
Q. And did you understand the agreement before you signed it?
A. Yes, sir.

***

Q. You entered into this plea agreement voluntarily, of your own free will?
A. Yes, sir.
Q. Before I accept your plea agreement, Miss Gunn, I wish to satisfy myself that you fully understand the charges to which you are pleading guilty and the consequences of your guilty plea. So, in that connection, I'm going to be asking you some questions. Okay?

***

Q. All right. Now I will now discuss with you the consequences of your plea of guilty. I notified you of what the maximum statute required in terms of sentencing, but pursuant to your plea agreement, paragraph 16 that was entered into, pursuant to Rule 11(c)(1)(C), you have agreed with the government that the Court will sentence you to 36 months or 3 years on Count I?
A. Yes, sir.
Q. And to a consecutive sentence of 60 months or 5 years on Count II for a total term of imprisonment of 96 months. Is that the agreement you've reached?
A. Yes, sir.
Q. If the Court accepts your plea agreement, Miss Gunn, I'm bound to sentence you consistent with the plea agreement that calls for a 36-month sentence on Count I and a 5-year consecutive sentence on Count II. Do you understand that?
A. Yes, sir.
Q. Okay. And that's what you've agreed to?
A. Yes, sir.

***

Q. Now, in discussions with your attorney, did he advise you you had a right to a trial by jury on these charges in the indictment against you, Miss Gunn?
A. Yes, sir.
Q. And you know what a jury trial is, Miss Gunn?
A. Yes.

***

Q. At a jury trial, you would have the right to be represented by an attorney of your choosing, and if you could not afford to hire your own attorney, the Court would appoint one to represent you free of charge. Do you understand that?

7

A. Yes, sir.
Q. Most importantly, at a trial you are presumed innocent of these charges to which you're pleading guilty. This presumption of innocence is your constitutional right, and it means that at trial you don't have to testify or produce any evidence in your behalf because your innocence is presumed. You don't have to prove it. And it's the government's burden to prove your guilt, not yours to prove your innocence. Do you understand that?
A. Yes, sir.
Q. All witnesses the government brings to court to testify against you to prove its case against you, you would have the right to confront and cross-examine those witnesses in your defense. Do you understand that?
A. Yes, sir.
Q. If at trial you relied on the presumption of innocence, you did not present any evidence in your defense, the jury would be told by the Court that you don't have to testify; you don't have to present any evidence because you don't have to prove anything because it's the government's burden to prove your guilt, not yours to prove your innocence. Do you understand that?
A. Yes, sir.
Q. On the other hand, if you chose to, you could testify at your trial. You could present evidence in your defense at your trial. You could have witnesses subpoenaed or otherwise compelled to come to court to testify in your defense. And, of course, you and they would be subject to cross-examination by government counsel. Do you understand that?
A. Yes, sir.
Q. But by pleading guilty here today, assuming I accept your plea of guilty, there won't be any trial, and all the rights you have in connection with a trial are being waived -- such rights as the presumption of innocence, the requirement of the government to prove your guilt beyond a reasonable doubt, your right to confront witnesses against you. All those rights are being waived by you. Do you understand that?
A. Yes, sir.
Q. And if I accept your plea of guilty, you will be convicted of Counts I and II just as though they were the result of a jury verdict finding you guilty on Counts I and II. Do you understand that?
A. Yes, sir.
Q. Any questions?
A. No, sir.

(Doc. 5-1 *et passim*). Statements made by a defendant under oath at a change-of-plea hearing are presumed to be truthful. *Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000). Ms. Gunn has certainly failed to provide any argument or evidence

8

in her submissions to the Court that persuade the Court her statements made at the change-of-plea hearing were not truthful or correct.

Ineffective assistance of counsel claims require a petitioner to show her counsel's representation fell below an objective standard of reasonableness and that she was actually prejudiced by her counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). A court's explanation to a defendant can suffice to remove the taint of an attorney's objective failure such that the defendant will be unable to show prejudice due to the attorney's failure in subsequent 2255 proceedings. *See, e.g.*, *Wyatt v. United States*, 574 F.3d 455, 458–59 (7th Cir. 2009). In this case, the plea colloquy makes clear that even if Ms. Gunn's counsel did not explain those things to her prior to the change-of-plea hearing (despite the fact that she testified that he did), this Court certainly explained the right to trial by jury to her, and she affirmed at the hearing that she understood the ramifications of pleading guilty instead of going to trial.

For these reasons, the Court finds Ms. Gunn's claim of ineffective assistance of counsel for failure to explain the plea agreement and failure to advise her that she could go to trial is patently insufficient in light of the statements made by Ms. Gunn at the change of plea hearing and this Court's explanations to her of her rights. The claim is denied.

## II. Ineffective Assistance of Counsel For Failure to Seek a *Dean* Departure.

Ms. Gunn also explains in her memorandum that she thinks *Dean v. United States*, 137 S. Ct. 1170, is applicable to her case. In her view, *Dean* is a retroactive

9

case that compels courts to impose absolute minimum terms of incarceration for underlying predicate offenses when such defendants are also simultaneously convicted for possessing firearms in furtherance of those underlying predicate offenses. She is incorrect. In *Dean*, the Supreme Court merely held that a district court can, not must, consider the minimum sentence under 18 U.S.C. § 924(c) when choosing a sentence for the predicate offense and such a court possesses the latitude to impose a sentence as short as a day on the predicate count if the court feels the circumstances warrant such a sentence. 137 S. Ct. at 1177. *Dean* does not compel courts to do anything, and thus this Court was under no obligation to sentence Ms. Gunn to five years and one day, as she claims in her memorandum of law in support of her 2255 motion.

Moreover, her counsel was not ineffective in failing to present *Dean* to the Court; the plea agreement Ms. Gunn voluntarily entered took away the Court's discretion to fix a sentence once the Court accepted the plea agreement. In other words, the plea agreement obviated counsel from having to argue an appropriate sentence to the Court and thus, there was no need for counsel to present *Dean* to the Court. Therefore, Ms. Gunn's counsel was not ineffective for failing to request the Court to sentence her in accordance with *Dean*.

It is worth mentioning that Ms. Gunn faced a statutory mandatory minimum sentence of ten years in prison if convicted at trial. Her indictment charged her with one count of possession of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), which carries a statutory minimum of five years imprisonment, and one count of possession of a firearm in furtherance of a drug

trafficking crime in violation of 18 U.S.C. § 924(c), which carries another minimum of five years that must run consecutive to the underlying drug trafficking offense. Pursuant to the plea agreement, which represents the culmination of the negotiations between the Government and the defendant via his lawyer usually, but himself if he acts on his own behalf, the parties agreed the defendant's sentence will be thirty-six months custody on Count 1 of the Indictment and a consecutive sixty month custody sentence on Count 2. A mandatory minimum of ten years, which is 120 months, is surely worse than the ninety-six months to which Ms. Gunn was sentenced. Moreover, her guidelines calculation yielded a range of between forty-six and fifty-seven months for her drug trafficking offense plus the sixty months for the firearm offense, yielding a total of a minimum of 106 months. Again, 106 is greater than 96. These numbers and the substantial variance from what Ms. Gunn could have received as a sentence from what she actually received had she gone to and lost at trial, make it hard for the Court to discern where any supposed miscarriage of justice lies. At the end of the day, Ms. Gunn received a good deal through her counsel's negotiation with the Government.

### III. Ineffective Assistance Of Counsel For Failure To Obtain The Safety Valve Or Two-Point Reduction For Minor Role

Ms. Gunn's final contention is that her counsel was ineffective for failing to obtain for her a two point minor role reduction in her guidelines range calculation or the safety-valve reduction. Title 18, Section 3553 of the United States Code allows for a so-called safety valve mechanism that allows a sentencing court to sentence a defendant below the statutory mandatory minimum when certain factors are met.

*See, e.g., United States v. Acevedo-Fitz*, 739 F.3d 967, 970 (7th Cir. 2014). When a defendant meets all the criteria of 18 U.S.C. 3553(f), she also satisfies section 5C1.2 of the sentencing guidelines, and thus becomes eligible for a two point reduction in base offense level of the guidelines calculation. U.S.S.G. 2D1.1(b)(17) ("If the defendant meets the criteria set forth in subdivisions (1)-(5) of subsection (a) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases), decrease by 2 levels.").

All five of the statutory elements of 18 U.S.C. 3553(f), and similarly, all five of subdivisions (1) through (5) of subsection (a) of § 5C1.2 of the guidelines, have to be satisfied before one can receive a safety valve or two-point level reduction. Ms. Gunn would not qualify for either the safety valve or two-point level reduction because she was charged with possession of a firearm in furtherance of a drug trafficking offense. *See* 18 U.S.C. § 3553(f)(2); *see also* U.S.S.G. 5C1.2(a)(2). Thus, if she went to trial, lost, and were sentenced, Ms. Gunn would not be eligible for a safety-valve or two-point level reduction. For these reasons, her counsel's performance cannot possibly be deemed objectively deficient for failing to ask for a safety-valve or two-point level reduction.

## CONCLUSION

For the reasons stated above, Tequila J. Gunn's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody (Doc. 1) is DENIED. Case terminated.

SO ORDERED.

Entered this 21st day of June, 2018.

                                                         s/ Joe B. McDade
                                                      JOE BILLY McDADE
                                         United States Senior District Judge